IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNETH CLARK PRUITT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 114-120 |
| BRAD HOOKS, Warden, | ) ) ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 9.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that this petition be **DISMISSED** as untimely, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On February 7, 2003, a jury in the Superior Court of Richmond County found Petitioner guilty of felony murder, armed robbery, and possession of a firearm during the commission of a crime. The Georgia Supreme Court affirmed the convictions on May 14, 2007. Pruitt v. State, 644 S.E.2d 837, 839-42 (Ga. 2007). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Petitioner signed his first federal habeas corpus petition on April 14, 2008, and it was filed by the Clerk of Court on April 16, 2008. Pruitt v. Jarriel, CV 108-047, doc. no. 1 (S.D. Ga. Apr. 16, 2008.) On June 18, 2008, the respondent in that case filed a motion to dismiss the

petition for lack of exhaustion. Id., doc. no. 6. Petitioner opposed the motion to dismiss, and among other motions, filed a Motion for Stay and Abeyance. Id., doc. nos. 9-11, 15. In the stay and abeyance motion, Petitioner recognized that if the respondent's motion to dismiss were granted, Petitioner would be in danger of being barred from returning to federal court by the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Id., doc. no. 15. Petitioner calculated that his federal statute of limitations expired on August 12, 2008. Id. at 2. On August 11, 2008, Petitioner signed his first state habeas petition, but it was not filed in the Superior Court of Wilcox County until August 18, 2008. (Doc. no. 10, Resp. Ex. 4.)

On October 21, 2008, United States District Judge J. Randal Hall denied Petitioner's request to hold the federal petition in abeyance and dismissed the petition without prejudice because all of Petitioner's claims had not been exhausted in state court. CV 108-047, doc. no. 20. The Eleventh Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability to review the dismissal, as well as his request for reconsideration of that denial. Id., doc. nos. 30, 31. In the meantime, Petitioner's state habeas petition was denied on May 20, 2009, and the Georgia Supreme Court denied the request for a certificate of probable cause to appeal ("CPC") on November 2, 2009. (Doc. no. 10, Resp. Exs. 5, 6.) Petitioner next filed an extraordinary motion for new trial on April 20, 2010, which was denied on May 10, 2010. (Doc. no. 1, pp. 4-5.)

Following the unsuccessful extraordinary motion for new trial, Petitioner filed a second state habeas petition on August 17, 2011, which was dismissed as untimely and successive on January 13, 2012. (Id. at 4.) The Georgia Supreme Court denied the request for a CPC to appeal the dismissal of the second state habeas petition on November 19, 2012. (Id. at 6.) Petitioner then waited until May of 2014 to file the current federal habeas petition, raising several grounds

2

for relief ranging from numerous alleged errors with the underlying criminal trial to ineffective assistance of trial and appellate counsel. (See generally doc. nos. 1, 2.) Respondent argues that the petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 9.)

## II. DISCUSSION

### A. The Petition Should Be Dismissed as Time-Barred.

Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). However, federal habeas petitions do not qualify as "other collateral review" under the statute. Smallwood v. Sec'y, Dep't of Corr., 178 F. App'x 944, 945 (11th Cir. 2006) (citing Duncan v. Walker, 533 U.S. 167, 181 (2001)).

Here, the Georgia Supreme Court affirmed Petitioner's convictions on May 14, 2007. Pruitt, 644 S.E.2d 837, but Petitioner did not seek a writ of certiorari from the United States Supreme Court. Thus, his convictions became final ninety days later, August 13, 2007, when the time for seeking review by the United States Supreme Court expired.[1] See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012); Jimenez v. Quarterman, 555 U.S. 113, 119-21 (2009). Because the pendency of Petitioner's first federal habeas petition has no tolling effect under § 2244(d)(2), by the time Petitioner filed his first state habeas petition on August 18, 2008, his one-year statute of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). The August 11, 2008 signature date on the first state habeas petition does not change the Court's calculations. (See doc. no. 10, Resp. Ex. 4, p. 5.) Georgia follows the rule that the filing date of a state habeas petition is the date it is filed with the court. Roberts v. Cooper, 691 S.E.2d 875, 877-78 (Ga. 2010). Thus, the only date relevant to the Court's timeliness analysis is that evidenced by the "filing-stamp" date of the clerk of court of the Superior Court of Wilcox County, August 18, 2008. (Doc. no. 10, Resp. Ex. 4, p. 1.)

The instant petition would still be untimely even if one assumed incorrectly that the one-year statute of limitations had been tolled since Petitioner started to seek some form of collateral relief in 2008, through the point at which the Georgia Supreme Court denied a CPC for

---

[1] Rule 13.1 of the Rules of the Supreme Court of the United States provides that a petition for a writ of certiorari to review a criminal judgment entered by a state court of last resort must be filed within 90 days after entry of judgment. Ninety days after May 14, 2007 was August 12, 2007, a Sunday. Under Rule 30.1 of the Rules of the Supreme Court of the United States, if a filing deadline falls on a Sunday, the deadline is extended to the end of the next day the court building is open. Thus, Petitioner's ninety-day period expired on Monday, August 13, 2007.

4

Petitioner's second state habeas petition on November 19, 2012. This is because approximately one year and a half passed from November 19, 2012, until Petitioner signed the instant federal petition on May 14, 2014.

Accordingly, the Court concludes that there is no basis for tolling AEDPA's one-year statute of limitations based on the pendency of Petitioner's first federal or first state habeas corpus petitions.

> B. **The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections. Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S.

408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (U.S. 2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000) The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (U.S. 2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his federal petition. Although Petitioner makes numerous arguments concerning ineffective assistance of counsel at the trial and appellate levels, none of these arguments show why he was unable to timely file his federal habeas petition. Indeed, these arguments were known to him before his federal statute of limitations expired. For example, Petitioner argues that appellate attorney David Klein should not have filed Petitioner's first federal habeas petition in April of 2008 but should have returned it immediately and told Petitioner to first exhaust his claims in state court. (Doc. no. 2, pp. 5-6.) The issue is a red herring because Petitioner has provided a copy of the letter dated April 14, 2008 from Mr. Klein to the Clerk of Court enclosing the first federal habeas petition explaining, "I am no longer representing [Petitioner], but merely mailing this to assist him." (Doc. no. 3, Ex. 2.) Indeed, it was Petitioner's signature, not Mr. Klein's, on Petitioner's filings in his first federal habeas corpus case.

Moreover, Petitioner himself recognized in his first federal habeas corpus case that he faced a statute of limitations deadline of August 12, 2008. CV 108-047, doc. no. 15, p. 2. He also knew in June of 2008 that the respondent had argued for dismissal of the first federal petition based on lack of exhaustion. Id., doc. no. 6. Indeed, prior to expiration of the one-year statute of limitations, Petitioner asked for a stay and abeyance of his federal petition so that if his claims were determined to be unexhausted, he could file any necessary state habeas petition. Id., doc. no. 15. Judge Hall denied the request for the stay and abeyance, explaining that Petitioner had not shown good cause for failing to exhaust all of his claims in state court, thus requiring dismissal of the mixed petition containing both exhausted and unexhausted claims. Id., doc. nos. 17, 20 (relying on Rhines v. Weber, 544 U.S. 269, 275-79 (2005)).

As was previously explained to Petitioner in detail in his 2008 case, a stay and abeyance should only be granted if a petitioner has shown good cause for failing to exhaust in state court, the unexhausted claims have potential merit, and no dilatory litigation tactics were used by the petitioner. Id., doc. no. 17, p. 13 (explaining the requirements of Rhines, 544 U.S. at 277-79). Indeed, AEDPA does not promote placeholder petitions. Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1214 (11th Cir. 2014) ("District courts are not required to accept [placeholder § 2254 petitions] and stay the federal habeas proceedings, possibly for years, while a state prisoner completes his state collateral proceedings.") Thus, Petitioner's current argument that his petition should be considered timely because it is a "continuation" of his first federal petition, (doc. no. 12, p. 1), is without merit.

Finally, Petitioner has not presented any evidence, much less new, reliable evidence, to show that he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, as described in Petitioner's memorandum in support of his petition, he has reviewed existing evidence, interpreted it in a way that he believes shows discrepancies in the evidence used at trial, and has concluded that this new interpretation of the evidence shows he is actually innocent of the crimes for which he was convicted. (See generally doc. no. 2.) However, Petitioner's own interpretation of evidence that existed at the time of trial does not satisfy the extremely rigorous actual innocence standard that would allow consideration of an otherwise time-barred claim only in an "extremely rare" or "extraordinary" case. Rozzelle, 672 F.3d at 1015. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 9), that this petition be **DISMISSED** as untimely, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 17th day of November, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA